**UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **Angela Hutchins,** | ) | Bankruptcy No. **15-16726** |
| | ) | |
| | ) | |
| **Debtor.** | ) | Honorable A. Benjamin Goldgar |

**MEMORANDUM OF LAW
IN SUPPORT OF DEBTOR'S OMNIBUS OBJECTION
TO CLAIMS 1,2,3,4,5,6,7,8,9, AND 10**

Debtor, Angela Hutchins, by her attorney, David P. Leibowitz, submits this Memorandum of Law in Support of her Omnibus Objection to Claims 1-10 inclusive.

*Introduction*

It is with considerable chagrin and regret that Debtor has had to file the Objection presently before the Court. Debtor's counsel has high regard for Trustee Cohen, formed through a professional and collegial association of more than 40 years. While Trustee Cohen's skill and zeal as a trustee is rightfully to be acknowledged, in this instance, it appears that the Trustee's zeal has unfortunately clouded his judgment.

As set forth in Debtor's motion, no creditor filed a proof of claim upon reopening of her bankruptcy case for the administration of her tort claim – unknown at the time of the filing of her case – on account of a defective and dangerous surgical implant. Nevertheless, within 10 days after the bar date, and without any apparent independent basis for making them, Trustee Cohen filed claims on behalf of every creditor the Debtor had scheduled in her 2015 bankruptcy petition.

Debtor's attorney contacted Mr. Cohen requesting that he withdraw the claims. He declined. For reasons set forth herein, and in the Debtor's Objection to Claim, each of these claims should be disallowed.

### I.  A claim cannot be based solely on the fact that it was scheduled

The Trustee does not appear to have any independent basis to support his claims above and beyond the Debtor's schedules. For purposes of this Memorandum, Debtor quotes liberally from a paper entitled "Trustee Filing Proofs of Claim – Best Practices Considerations"[1]

Quoting from the *Handbook for Chapter 7 Trustees,* the paper instructs:

While section 501(c) and Fed. R. Bankr. P. 3004 give the trustee the ability to file proofs of claim on behalf of creditors, the trustee should exercise caution in doing so.

While Trustee did endeavor to treat creditors "equally" by filing proof of claim on behalf of all of them, it does not appear that he exercised any caution in doing so. He disregarded the admonition of the paper that reminds trustees:

A trustee's signature on a proof of claim is subject to the burdens and consequences of Rule 9011 of the Federal Rules of Bankruptcy Procedure. Accordingly, some measure of due diligence is required prior to signing and filing a proof of claim. Reliance on a debtor's schedules alone is not sufficient because unlike in chapter 11 cases, schedules filed in chapter 7 cases do not constitute *prima facie* evidence of the validity and amount of the claims.

It does not appear that Trustee made any effort whatever to otherwise establish the validity of amount of the respective Creditors' claims.

We quote here from a few cases cited in the "Best Practices Paper"

*In re Drew,* 256 B.R. 799, 805–06 (10th Cir. BAP 2001) ("The factual circumstances in this case also demonstrate a variety of reasons why trustees should exercise caution in filing claims, as this Trustee did, on behalf of creditors who ... chose not to do so. The Trustee had no knowledge of the legal validity of or the actual amount owed on any of the claims, and he apparently made little, if any, inquiry about them.");

---

[1] Published by the United States Trustee, Region 11 and available at: best practices - trustee filing proofs of claim (justice.gov)

*In re VanCleef,* 479 B.R. 809, 819, 826 (Bankr.N.D.Ind.2012) ( "There is no reason whatsoever why creditors who make a conscious decision in some manner or simply are so negligent that they fail to make a timely decision—should be benefitted by a distribution in a Chapter 7 case based upon a claim filed by a Chapter 7 trustee so that those creditors receive a distribution, and a debtor does not under 11 U.S.C. § 726(a)(6).... This practice raises *serious* issues as to effective case administration and the provability of any proof of claim filed by the Trustee, and in fact places the Chapter 7 Trustee in a position of not objecting to her own claim in a circumstance in which a similar claim filed by a creditor would be subject to her obligation to object under 11 U.S.C. § 704(a)(5).");

*In re McLaughlin,* No. 05–63927, 2007 WL 2571943, at *2, 4 (Bankr.N.D.Ohio Aug. 31, 2007) ("The bankruptcy trustee has a fiduciary duty to the bankruptcy estate and this duty is breached when a trustee files claims without any personal knowledge or investigation.... In this case, Trustee's fee increased significantly due to the claims he filed.... In sum, Trustee has not provided the court with sufficient supporting documentation or valid reasons for the filing [of] any of the claims.");

## II. Debtor's Affidavit Expressly Contradicts BMO Harris' Entitlement to Recover on Claim 1

Debtor's Affidavit set forth with particularity why BMO Harris is not entitled to recover on Claim 1. Debtor worked to earn the funds represented by her deposit with BMO Harris. The check cleared. The people at the Lake Zurich Branch of BMO Harris informed her that the funds were available. Debtor used those funds. Thereafter, BMO charged back on the check. These circumstances don't establish BMO Harris' entitlement to the claim. Rather they establish that BMO Harris is not entitled to a claim.

### *Conclusion*

Zeal must be tempered with judgment. Trustee's zeal in this case would deprive Debtor of over $15,000 in recovery that she otherwise will receive. Creditors would receive a windfall that they (a) didn't care enough about to file a proof of claim and (b) to which BMO Harris, in particular is not entitled; and Trustee would receive an incremental fee of about $750 for

actions which seem to be, at best, questionable. The Court should sustain the Debtor's objection.

                              Respectfully submitted

                              /s/ *David P. Leibowitz*
                                  Debtor's Attorney

David P. Leibowitz
Illinois Attorney 1612271
Lakelaw
3478 N. Broadway – Unit 207
Chicago, IL 60657
312-662-5750
dleibowitz@lakelaw.com